Werner *v.* Bowers, Appellant.

Argued April 24, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*John H. Wilson,* and with him *John L. Wilson* and *Marrion M. Edmundson,* for appellant.

*Franklin A. Ammon,* for appellee.

OPINION BY STADTFELD, J., July 13, 1934:

This is an appeal by defendant from a judgment on a verdict for plaintiff for damages for malicious prosecution.

The evidence established that plaintiff, at the direction of a tenant, carried away goods which defendant had levied upon for arrears of rent. The constable reported the matter to the justice of the peace who had issued the landlord's warrant. The justice drew up an information, sent for the defendant and requested him to sign it. Upon the information so drawn, it not being apparent whether it was intended to charge the crime of larceny or a misdemeanor under the Act of 1903, a bill charging larceny was framed. At the trial plaintiff was acquitted. Defendant testified that he did not understand the nature of the proceedings, nor did he know that plaintiff was to be tried for larceny until the opening of the trial.

This was the second trial of the case, the first one having resulted in a verdict for plaintiff in the sum of $1,000, on which judgment was entered after the refusal of a motion for new trial and overruling a motion for judgment n. o. v. From that judgment an appeal was taken to this court and, after argument, the judgment was reversed with a venire, in an opinion by our Brother CUNNINGHAM, reported in 94 Pa. Superior Ct. 110. The facts are set forth at length in that opinion and need not be repeated here. The judgment was reversed for the reason that the lower court had sustained objections to the admission of evidence as to the circumstances surrounding the making of the information, for the purpose of rebutting the presumption of malice arising from the acquittal upon the indictment. The trial court had also sustained objection to the offer to prove the circumstances under which the verdict of acquittal was rendered, in that no record was made of the charge of

the trial judge to the jury, and that the trial court directed the jury to return a verdict of not guilty for the reason that the bill of indictment charged a felony while the information warranted only a charge of misdemeanor. This was offered for the purpose of rebutting any inference of want of probable cause established by the offer of the verdict of not guilty. We held that the testimony in both instances should have been received for the purposes stated. That testimony was received at the second trial and the same resulted in a verdict for plaintiff in the sum of $3,000. A remittitur was filed for all in excess of $1,000 and thereupon the motions for new trial and for judgment n. o. v. were overruled and judgment entered on the verdict, in an opinion by DITHRICH, J. From that judgment this appeal was taken.

The assignments of error relate to the refusal to enter judgment for defendant n. o. v.

The additional testimony received on the second trial in no manner changed the question before us on this appeal. In all other respects the testimony was the same as on the first trial. In reversing the first judgment, we stated "This was not a case for binding instructions, particularly as there was some evidence for plaintiff, though vigorously denied by defendant and his counsel, that demands had been made for the payment of a designated sum of money in settlement of the criminal case. This issue and others arising under the evidence were necessarily for the jury." The same language is applicable in the present appeal. Nothing can profitably be added to what was said in the opinion referred to. Defendant's motion for judgment n. o. v. was properly denied.

The assignments of error are overruled and judgment affirmed.